**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HERMAN N. NUNIES,
      *Plaintiff-Appellant*,

v.

HIE HOLDINGS, INC.,
      *Defendant-Appellee.*

No. 16-16494

DC No.
CV 15-0116 KSC

ORDER AND
AMENDED OPINION

Appeal from the United States District Court
for the District of Hawaii
Kevin S. Chang, Magistrate Judge, Presiding

Argued and Submitted June 12, 2018
Honolulu, Hawaii

Filed September 17, 2018
Filed November 1, 2018

Before:  A. Wallace Tashima, William A. Fletcher,
and Andrew D. Hurwitz, Circuit Judges.

Order;
Opinion by Judge Tashima

# SUMMARY[*]

## Employment Discrimination

The panel filed (1) an order granting a motion to amend its opinion and (2) an amended opinion affirming in part and reversing in part the district court's summary judgment in favor of the defendant in an employment discrimination action under the Americans with Disabilities Act.

The panel held that, under the ADA Amendments Act, the scope of the ADA's "regarded-as" definition of disability was expanded. Prior to the ADAAA, to sustain a regarded-as claim, the plaintiff had to provide evidence that the employer subjectively believed the plaintiff was substantially limited in a major life activity. Under the ADAAA, however, the plaintiff must show that he has been subjected to a prohibited action "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." Applying the correct law, and viewing the evidence in the light most favorable to the non-moving party, the panel concluded that the plaintiff established a genuine issue of material fact as to whether his employer regarded him as having a disability.

The panel held that the district court further erred in concluding that the plaintiff did not meet the definition of an actual disability under the ADA, which requires a showing that the plaintiff has a physical or mental impairment that substantially limits one or more major life activities. The

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

panel concluded that there was at least a dispute about whether the plaintiff's shoulder injury substantially limited the life activities of working and lifting.

The panel reversed the district court's dismissal of both the ADA claims and plaintiff's state law discrimination claim. The panel affirmed the district court's ruling that Haw. Rev. Stat. § 378-35, which provides an exclusive remedy for certain claims arising from a workplace injury, did not bar the ADA claims. The panel remanded the case to the district court for further proceedings.

## COUNSEL

Charles H. Brower (argued), Honolulu, Hawaii, for Plaintiff-Appellant.

Marguerite S. N. Fujie (argued) and Lisa W. Cataldo, McCorriston Miller Mukai MacKinnon LLP, Honolulu, Hawaii, for Defendant-Appellee.

Susan R. Oxford (argued), Attorney; Ann Noel Occhialino, Acting Assistant General Counsel; Jennifer S. Goldstein, Associate General Counsel; James L. Lee, Deputy General Counsel; Equal Employment Opportunity Commission, Washington, D.C.; for Amicus Curiae Equal Employment Opportunity Commission.

**ORDER**

The unopposed motion of *amicus curiae* Equal Employment Opportunity Commission to amend the Opinion, filed September 17, 2018, is **GRANTED**. The September 17, 2018, Opinion, reported at 904 F.3d 837, is withdrawn and replaced by the Amended Opinion, filed concurrently with this order.

**OPINION**

TASHIMA, Circuit Judge:

In 2008, Congress enacted the ADA Amendments Act ("ADAAA"), which broadened the definition of disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. As relevant to this appeal, the ADAAA expanded the scope of the ADA's "regarded-as" definition of disability. We have not opined on this issue in the ten years since the ADAAA was enacted and some district courts have mistakenly continued to apply the narrower pre-ADAAA definition of regarded-as disability. We now write to clarify this issue.

Plaintiff-appellant Herman Nunies was a delivery driver for HIE Holdings, Inc. ("HIE"). Nunies claims that he injured his shoulder and wanted to transfer to a part-time, less-physical warehouse job. The requested transfer was approved and all set to go through until Nunies told HIE about his shoulder injury. Two days after Nunies allegedly informed HIE about his injury, the company rejected his transfer request and forced him to resign. Nunies brought a

disability discrimination suit against HIE under the ADA and state law, arguing that HIE terminated him because of his shoulder injury. HIE moved for summary judgment, which the district court granted.

Applying the standard set forth in the ADAAA, we hold that the district court erred in concluding, as a matter of law, that Nunies was not regarded-as disabled. The district court further erred in concluding that Nunies did not meet the definition of an actual disability under the ADA. We reverse and remand.

## BACKGROUND

### 1. Factual Background

HIE is in the business of the purchase, sale, and distribution of food products for residential and commercial use. Nunies was a five-gallon delivery driver for the company in Kauai. His primary duties included operating HIE's company vehicle; loading, unloading, and delivering five-gallon water bottles; and occasionally assisting in the warehouse. The position required lifting and carrying a minimum of 50 pounds and other physical tasks.

Sometime in mid-June 2013, Nunies wanted to transfer from his full-time delivery driver position to a part-time warehouse position. The parties dispute the motivation for this switch. Nunies attributes his desire to switch to the pain he had developed in his left shoulder. HIE – through a supervisor, Victor Watabu – contends that Nunies wanted to transfer so that he could focus on his independent side-business. To effectuate the transfer, Nunies found a part-time warehouse employee, Sidney Aguinaldo, to swap positions.

Watabu contacted HIE's Honolulu office because that office needed to approve the Nunies-Aguinaldo swap. According to Watabu, the Honolulu office "tentatively" approved the switch pending resolution of some pay and duties questions. Nunies asserts that on June 14, 2013, Watabu told him that the switch had been approved.

Next, Nunies states that on June 17, 2013, he notified his operations manager and Watabu that he was having shoulder pain. HIE disputes that it was aware of Nunies' shoulder injury. However, on a later-filed "Employer's Report of Industrial Injury," an HIE HR official noted that Nunies first reported the injury on June 17.

The parties agree that on June 19, Watabu told Nunies that HIE would not extend the part-time warehouse position to him and that Nunies' last day would be July 3. Nunies argues that there were no discussions after June 14 about reaching an agreement until, on June 19, Watabu said "[y]ou gotta resign" because "[y]our job no longer exists because of budget cuts."[1] HIE's termination report, dated June 27, 2013, states that the "type" of Nunies' separation was "resignation," and that the reason for the separation was that the "part-time position [was] not available." However, on June 24, 2013, Watabu emailed his HIE colleagues, on an email chain about Nunies' last day of employment, and asked, "can you scan a copy for a job opening for a part-time warehouseman ad[?]" Nunies saw an ad for the position in the newspaper on June

---

[1] HIE argues that between June 14 and June 19, Watabu and Nunies discussed the terms of the switch and that Nunies wanted his same hourly rate in the new position. Watabu declares that the Honolulu office would not give Nunies the same hourly rate as his delivery driver wage, and as such, they would not extend the position to Nunies.

26, 2013, one day before HIE completed Nunies' termination report.

On June 20, the day after HIE informed Nunies that he would not get the part-time position, Nunies went to a doctor for his shoulder pain and procured a note stating that he should not work until being reevaluated on July 5. Therefore, although the last day that Nunies actually worked was June 19, he was still technically employed until July 3. After his doctor's visit, Nunies filled out a Workers' Compensation Accident Report and sent the report to HIE on June 27. The report notes that Nunies first reported the injury on June 17 and that the "injury is from lifting five gal bottles over a period of 5 years." In HIE's Report of Industrial Injury, it also states that Nunies reported the injury on June 17, but notes that Nunies "advised [his] supervisor that he will not be able to work full time due to increased jobs from his landscaping business." In describing the cause and nature of the injury, the Employer's Report states "[a]lleged left shoulder and both wrist[s]" injuries and "[n]othing noted as specific incident for injury. Alleging possible cumulative trauma from doing the job for 5 years. No recent missed time up to date of filing."

Following an MRI on July 29, 2013, Nunies was diagnosed with supraspinatus tendinitis/partial tear of his left shoulder. By September 2014, medical reports concluded that the injury had been resolved.

## 2. Procedural Background

Nunies brought suit on April 6, 2015, alleging that HIE violated the ADA and Hawaii's employment discrimination law, Haw. Rev. Stat. ("HRS") § 378-2, by discriminating

against him because of his disability. HIE moved for summary judgment on all claims, arguing that: (1) Nunies' suit was barred under HRS § 378-35[2]; and (2) Nunies could not establish a prima facie case of disability discrimination because he was not "disabled," not a "qualified individual," and did not suffer an "adverse employment action." The district court granted HIE summary judgment on all of Nunies' claims.

First, the district court rejected HIE's argument that Nunies' claims were barred by state law because Nunies did not assert a cause of action under HRS § 378-32, the claim that HRS § 378-35 bars.

Second, the district court concluded that Nunies did not have a "disability" under the ADA. Even though Nunies only argued in his briefs that HIE regarded him as having a disability, the district court also considered whether he had an "actual," or a "record" disability. As to actual disability, the district court concluded that Nunies had not established that his shoulder injury "substantially limited" any "major life activity." The district court also found that Nunies did not establish a record of impairment. Finally, the district court concluded that Nunies had not established that HIE regarded

---

[2] HRS § 378-35 states:

> If the department of labor and industrial relations finds, after a hearing, that an employer has unlawfully suspended, discharged or discriminated against an employee in violation of section 378-32, the department may order the reinstatement, or reinstatement to the prior position, as the case may be, of the employee with or without backpay or may order the payment of backpay without any such reinstatement.

him as having a disability because Nunies did not come forward with any evidence that HIE subjectively believed that Nunies was substantially limited in a major life activity.

Nunies timely appealed.

## STANDARD OF REVIEW

This court reviews an order granting summary judgment *de novo*. *United States v. Washington*, 853 F.3d 946, 961–62 (9th Cir. 2017).

## DISCUSSION

## 1.  Waiver

HIE argues that we should not consider Nunies' regarded-as disability claim because he did not adequately argue it in his opening brief on appeal or his actual disability claim because he did not raise it below.  We reject HIE's arguments and reach the merits on both theories of disability.

First, although Nunies' regarded-as argument in his opening brief is sparse, he does home in on the key issue of whether he was required to "show that a major life activity was substantially limited," or that HIE perceived as much. Therefore, Nunies "specifically and distinctly" raised the issue for this court.  *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)).

As to the "actual" disability argument, HIE is correct that Nunies did not address the issue in his opposition to the

motion for summary judgment. Nonetheless, Nunies raised the argument at the hearing on the motion by contending that he could not work or lift, both of which are "major life activities" relevant to the definition of actual disability. In response to this argument, the district court asked "[s]o is this a – regarded as having an impairment ADA claim?" to which Nunies's counsel responded (1) "our position is that as soon as he told them he had that pain in the shoulder, things changed, and suddenly he was out the door," and (2) "*in addition* to that our argument is that yes, in fact he does have an ADA-covered disability which we said they considered in changing their mind about him taking the warehouse position." (Emphasis added). Thus, Nunies suggested that he was raising two distinct arguments. And, the district court's order suggests that the court interpreted Nunies' argument as implicating both the actual and regarded-as prongs of disability because it addressed both.

Even if Nunies did not raise the issue, we may consider it if "the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed[.]" *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985). Whether Nunies has come forward with sufficient evidence to defeat summary judgment is a question of law, the district court developed the issue, and the parties briefed it on appeal; therefore, we opt to reach whether the district court erred in concluding that Nunies did not have a disability under the actual disability prong of the definition.

## 2. Disability

To set forth a prima facie disability discrimination claim, a plaintiff must establish that: (1) he is disabled within the

meaning of the ADA; (2) he is qualified (i.e., able to perform the essential functions of the job with or without reasonable accommodation); and (3) the employer terminated him because of his disability. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001).

"The term 'disability' means, with respect to an individual – (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."   42 U.S.C. § 12102(1)(A)–(C).  The ADA does not define "physical or mental impairment," but the Equal Employment Opportunity Commission's ("EEOC") regulations define physical impairment as "[a]ny physiological disorder or condition . . . affecting one or more body systems, such as . . . musculoskeletal . . . ."  29 C.F.R. § 1630.2(h)(1).

The regarded-as and actual disability prongs of the definition are at issue on appeal.

## A.  Regarded-as

Under the ADAAA,

> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment *whether or not the impairment limits or is perceived to limit a major life activity*.

42 U.S.C. § 12102(3)(A) (emphasis added).**[3]**  Prior to the ADAAA, to sustain a regarded-as claim, the plaintiff had to "provide evidence that the employer subjectively believe[d] that the plaintiff [was] substantially limited in a major life activity." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1006 (9th Cir. 2007) (relying in part on the interpretation of regarded-as in *Sutton*, which the ADAAA explicitly superceded).  *See* footnote 3, *supra*.

The ADA excludes individuals from regarded-as coverage if the impairment is both transitory (i.e., expected to last six months or less) and minor (which the statute does not define). 42 U.S.C. § 12102(3)(B).

Here, the district court cited the ADAAA definition of regarded-as, but relied on pre-ADAAA caselaw to hold that Nunies did not establish coverage.  Specifically, the district court concluded "that Plaintiff has not sustained his burden of presenting direct evidence that Defendant *subjectively believed that Plaintiff is substantially limited in a major life activity*."  (Emphasis added.)  Based on the plain language of the ADAAA, it was error for the district court to require Nunies to present evidence that HIE believed that Nunies was substantially limited in a major life activity.

Applying the correct law, and viewing the evidence in the light most favorable to the non-moving party, we conclude

---

**[3]** "The ADAAA rejects the Supreme Court's interpretation of the term 'disability' in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), and *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), and thereby expands the class of individuals who are entitled to protection under the ADA." *Rohr v. Salt River Project Agric. Improvement & Power Dist.*, 555 F.3d 850, 853 (9th Cir. 2009).

that Nunies established a genuine issue of material fact as to whether HIE regarded him as having a disability. A reasonable jury could conclude that HIE effectively terminated Nunies "because of" its knowledge of Nunies' shoulder injury.

Nunies proffered evidence that Watabu told him that the transfer to the part-time position was fully approved on June 14. On June 17, Nunies informed Watabu and his operations manager that he was having shoulder pain. Then, on June 19, Nunies learned that he would not receive the transfer and that he had to resign. When Nunies asked why, Watabu told him that the part-time job no longer existed because of budget cuts. Nevertheless, because HIE advertised an opening for the exact same position just days afterwards, it reasonably can be inferred that the position clearly still existed.

Put simply, there is evidence in the record that everything was going swimmingly for Nunies in terms of transferring to the part-time position until he informed HIE that he had shoulder pain. Once HIE learned of the shoulder pain, it rescinded the offer, and forced Nunies to resign. Further, there is evidence that HIE misrepresented to Nunies that the position was no longer available because shortly thereafter the company was looking to hire someone for the same position. From these facts, on summary judgment, it would be reasonable to infer that HIE forced Nunies to resign "because of" his shoulder injury.[4] *See Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000) (stating that causation may be inferred from timing of events); *see also Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir.

---

[4] HIE does not contest that a shoulder injury could be a physical impairment for the purposes of the ADA.

2000) (noting that evidence of an employer proffering a misleading reason supports a finding of intentional discrimination (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146–47 (2000))).

HIE's arguments to the contrary are not convincing. First, HIE correctly points out that the regarded-as definition of disability does not apply to "transitory and minor" impairments. 42 U.S.C. § 12102(3)(B). Citing this provision, HIE contends that "Nunies' report of 'shoulder pain' would not be sufficient to convince a reasonable jury that Nunies had a physical impairment expected to last six months or longer, or that HIE regarded him as such." However, HIE errs by placing the burden on Nunies to show that his impairment was not transitory or minor. As *Amicus* EEOC points out, the "transitory and minor" exception is an affirmative defense, and "[a]s such, the employer bears the burden of establishing the defense." *See* 29 C.F.R. pt. 1630, app. § 1630.2(l); *id.* at § 1630.15(f); *see also Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 893 (9th Cir. 2001)). HIE offered no evidence to sustain its burden that Nunies' actual or perceived injury was "transitory and minor."[5]

Second, HIE's attacks on Nunies' evidence on summary judgment are irrelevant to the analysis. HIE asserts that Nunies' "uncorroborated report of 'shoulder pain' is made more suspect" by an allegedly contradictory statement from

---

[5] In fact, Nunies still had a lifting restriction until September 2014, more than a year after he left HIE.

Nunies. But, Nunies' statement is not contradictory[6] and, more fundamentally, whether Nunies' evidence is suspect is a question for a jury, not one to be resolved on summary judgment. Likewise, we reject HIE's contention that its newspaper advertisement was irrelevant to whether the company regarded Nunies as disabled. Evidence that HIE lied to Nunies about the availability of the part-time position raises the reasonable inference that the company withdrew its transfer offer to Nunies based on an illicit reason. Considering that Nunies had informed the company two days earlier that he was hurt, a reasonable jury could connect those dots.

All in all, considering the broader definition of regarded-as disability under the ADAAA, and viewing the evidence in the light most favorable to Nunies, the district court erred in granting of summary judgment to HIE on this issue.

## B. Actual Disability

To establish a disability under the actual disability prong of the definition, a plaintiff must show that he has "a physical . . . impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing,

---

[6] HIE argues that Nunies' statement that he did not tell the company that he was injured at work prior to the June 20 doctor's appointment is contradicted by the fact that Nunies argues he had his shoulder injury prior to his leaving the company. These statements are not contradictory. Nunies could have told the company that he was injured on June 17, but not tell them *how* he thought he was injured until after June 20.

learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). The relevant regulations add that "substantially limits" should "be construed broadly" and that "[a]n impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(1)(i) & (ii).

Here, the district court held that Nunies could not establish a disability under the actual disability prong because he did "not identif[y] any major life activities that were affected by his impairment." And, even if Nunies had identified a life activity, the district court concluded that he had not demonstrated that his shoulder injury substantially limited any of those activities compared to most people in the general population.

As mentioned above, however, Nunies did identify two major life activities: working and lifting. After reviewing the record, we conclude that there is at least a dispute about whether Nunies' shoulder injury substantially limited those life activities. For example, in his deposition, Nunies testified that any time he lifted his arm above chest height – even without an object – he would experience a stabbing pain and numbness. Further, even in 2014, Nunies still had a lifting restriction of 25 pounds.

HIE relies, as did the district court, on evidence in the record that Nunies continued working through the pain to conclude that he was not substantially limited in his ability to work. But in order for an impairment to substantially limit a major life activity it "need not prevent, or significantly or severely restrict" the activity. *Id.* § 1630.2(j)(1)(ii). In our view, a stabbing pain when raising one's arm above chest

height substantially limits the major life activity of lifting and possibly working. Therefore, we conclude that the district court also erred in deciding as a matter of law that Nunies did not meet the "actual" disability definition under 42 U.S.C. § 12102(1)(A).

## 3. State Law Claims

### A. Hawaii Discrimination Claim

Nunies alleged a state-law disability discrimination claim under HRS § 378-2. Because Hawaii applies "the same framework . . . to claims of discrimination under the ADA . . . to claims under HRS § 378-2," the district court dismissed this claim for the same reasons it dismissed the ADA claims. *See Furukawa v. Honolulu Zoological Soc'y*, 936 P.2d 643, 648–49 (Haw. 1997). Because we reverse the dismissal of the ADA claims, we also reverse the dismissal of the state law discrimination claim.

### B. State Law as a Bar

Finally, HIE asserts that HRS § 378-35 bars Nunies' claims. We conclude that the district court was correct to deny HIE summary judgment on this ground.

In support of its argument, HIE cites *Takaki v. Allied Machinery Corp.*, 951 P.2d 507 (Haw. Ct. App. 1998), but this case is not as broad as HIE argues. In *Takaki*, the Hawaii Intermediate Court of Appeals held that the exclusive remedy available to an individual claiming unlawful discharge under HRS § 378-32 for a work-related injury is provided in HRS § 378-35. *Id.* at 514. HIE argues by analogy that HRS § 378-35 must therefore also bar federal ADA claims, but *Takaki*

says nothing about federal claims.**[7]**  HIE's logic also fails for the simple reason that there is no indication that a workplace injury cannot serve as the disability in an ADA claim.  In other words, just because an injury happened at work does not mean that a plaintiff can *only* assert a claim under HRS § 378-32(a)(2).  If Nunies brought a claim under HRS § 378-32(a)(2), it would be barred, but he did not bring such a claim – he brought a claim under the ADA.  Or, as the district court articulated it, "Plaintiff's claims do not fall within the ambit of HRS §§ 378-32 and 378-35."

## CONCLUSION

The judgment of the district court is AFFIRMED as to the asserted state-law bar to bringing the ADA claims and the HRS § 378-2 claim, but otherwise REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.**[8]**

Nunies is awarded his costs on appeal against HIE.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

**[7]** It would be highly unusual if it did.  HIE's argument amounts to a reverse preemption argument – that state employment discrimination law can displace the federal ADA.

**[8]** HIE argues that we should affirm the district court's grant of summary judgment on the alternative grounds that Nunies did not establish a prima facie case of discrimination, that HIE had a legitimate reason for its actions, or that Nunies did not show that HIE's reason was pretextual.  We decline to reach these issues and leave them for the district court to consider in the first instance.