NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARON BEMENT,<br><br>　　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>JAMES G. COX; et al.,<br><br>　　　　　　　Defendants-Appellees. | No.　19-15495<br><br>D.C. No.<br>3:12-cv-00475-MMD-WGC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted February 7, 2020**
San Francisco, California

Before:　PAEZ and BEA, Circuit Judges, and ADELMAN,*** District Judge.

Baron Bement ("Bement") appeals the district court's grant of summary

judgment to his employer, the Nevada Department of Corrections ("NDOC"), in

---

　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　**　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

　***　The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

his action alleging disability discrimination, failure to accommodate, and retaliation under Section 504 of the Rehabilitation Act of 1973. We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's grant of summary judgment. *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 432 (9th Cir. 2018). We affirm in part, reverse in part, and remand.

**1.** The district court concluded that Bement's discrimination and failure to accommodate claims failed as a matter of law because no jury could find that Bement had a disability, the first element of the prima facie case for both claims. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *Buckingham v. United States*, 998 F.2d 735, 739–740 (9th Cir. 1993). That was error. Disability is a physical impairment that substantially limits—but "need not prevent, or significantly or severely restrict," *see* 29 C.F.R. § 1630.2(j)(1)(ii)—an individual from performing a major life activity. *See* 42 U.S.C. § 12102(1)(A).[1] We are cognizant of Congress's caution that the meaning of "disability" be construed "in favor of broad coverage of individuals[.]" 42 U.S.C. § 12102(4)(A); *see also* Pub.

---

[1] "Title II of the [Americans with Disabilities Act] and § 504 of the [Rehabilitation Act] are nearly identical, both in content and remedial provisions," *Lovell*, 303 F.3d at 1051 n.5, and Congress has instructed that the meaning of "disability" under the latter have the same meaning as under the former. *See* Pub. L. 110–325, 122 Stat. 3553, § 7. Because "courts have applied the same analysis to claims brought under both statutes," *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999), we consider both statutes interchangeably to evaluate Bement's claims.

L. 110–325, 122 Stat. 3553, §§ 2(a)(1), 7 (2008).

Bement offered his own sworn testimony regarding his intestinal condition and its limiting effects. Bement also offered the testimony of his supervisors as to what Bement told them about his intestinal condition at the time. Although not overwhelming, this testimony is sufficient to survive summary judgment, and the district court erred in disregarding it. *See e.g., Head v. Glacier Nw. Inc.*, 413 F.3d 1053, 1058 (9th Cir. 2005); 29 C.F.R. § 1630.2(j)(1)(v). Accordingly, we reverse the grant of summary judgment on the discrimination and failure to accommodate claims, and we remand to the district court for consideration of the remainder of the burden shifting analysis.

**2.** The district court also erred in applying an incorrect legal standard to Bement's claim that NDOC "regarded" him as disabled. An individual is regarded as having an impairment if he is subjected to discrimination "because of an actual or perceived physical . . . impairment *whether or not the impairment limits or is perceived to limit a major life activity*." 42 U.S.C. § 12102(3)(A) (emphasis added). The district court erred in requiring Bement to show in addition that NDOC believed he was substantially limited by the impairment. *See Nunies*, 908 F.3d at 434 ("[I]t was error for the district court to require [Plaintiff] to present evidence that [Defendant] believed that [Plaintiff] was *substantially limited in a major life activity*.") (emphasis added). Thus, we reverse the grant of summary

3

judgment on Bement's regarded-as claim and remand for consideration under the correct legal standard.

**3.** The district court did not err in granting summary judgment on Bement's retaliation claim. To establish a prima facie case of retaliation, a plaintiff must show "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (internal quotation marks and citation omitted). Even assuming Bement offered evidence of a protected activity, he failed to show causation. There is little to no temporal proximity between the alleged protected activities and Bement's suspension, and Bement has not offered other evidence from which a jury could infer retaliatory intent. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004). We affirm the grant of summary judgment on the retaliation claim.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**