NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICK MUNOZ, | No. 19-17292 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01103-LJO-JLT |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JANINA MEISSNER-FRISK, D.O., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 18, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit Judges.

Plaintiff Rick Munoz appeals the district court's grant of summary judgment

to the California Department of Corrections and Rehabilitation ("CDCR") and Dr.

Meissner-Frisk, D.O. (collectively, "Defendants"), on his Americans with

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Disabilities Act ("ADA") claim. We reverse and remand.

1.      The district court erred when it applied an expressly superseded legal standard to conclude that Munoz did not have a qualifying disability within the meaning of the ADA. The relevant statutory provision defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). In the ADA Amendments Act of 2008 ("ADAAA"), Congress added rules of construction for courts to apply in resolving questions of disability. These rules provide, *inter alia*, that the "definition of disability . . . shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter," *id.* § 12102(4)(A), and that an "impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability," *id.* § 12102(4)(C). Additionally, Congress specifically "reject[ed] the standards enunciated by the Supreme Court in Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184 (2002), that the terms 'substantially' and 'major' in the definition of disability under the ADA 'need to be interpreted strictly[.]'" Pub. L. No. 110–325, § 2(b)(4), 122 Stat. 3553, 3554 (2008); *see Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 853 (9th Cir. 2009).

In concluding that Munoz was not disabled, the district court relied on

2

*Toyota Motor*'s interpretation of "substantially" as meaning "considerable" or "to a large degree." *Toyota Motor*, 534 U.S. at 196. Applying that interpretation, the district court held that Munoz had not provided sufficient evidence that he was substantially limited in the major life activity of climbing. The court reasoned that Munoz had only shown that he had difficulties climbing to an upper bunk, not that he had trouble "climbing stairs or anything" else. The district court concluded that "difficulty climbing to an upper bunk qualifies as an impairment, but it does not qualify as a substantial limitation on [Munoz's] major life activity of climbing."

The district court thus erred in relying on the superseded *Toyota Motor* standard and ignoring the ADAAA's liberal rules of construction. We remand for the district court to apply the proper standard to the question of whether Munoz has a qualifying disability. *See Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 434–35 (9th Cir. 2018).

2.  We decline Defendants' invitation to affirm the grant of summary judgment on grounds not reached by the district court. First, Defendants are not entitled to summary judgment on the question of whether they discriminated against Munoz "by reason of his disability." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Although Defendants are correct that claims of "inadequate treatment for disability" are not cognizable under the ADA, *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled on other grounds*

*by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016), Munoz does not argue he was denied adequate treatment for his knee injuries, only that he was denied an accommodation for his disability. "[D]isability accommodations under the [ADA] . . . include basic necessities of life for disabled prisoners and parolees, such as . . . *accessible beds*." *Armstrong v. Brown*, 732 F.3d 955, 957 (9th Cir. 2013) (emphasis added).

Dr. Meissner-Frisk's denial of a disability accommodation was not an unreviewable medical determination simply because she invoked her medical judgment in concluding Munoz was not disabled. *Cf. Simmons*, 609 F.3d at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.")). The record shows that *all* disability accommodations are verified by a doctor at Valley State Prison. To accept Defendants' position that the involvement of a doctor removes all prison accommodations decisions from the ADA's reach would undermine the Supreme Court's recognition that Title II of the ADA applies to prisons. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–10 (1998). Defendants are therefore not entitled to summary judgment on the issue of whether they discriminated against Munoz by reason of his disability.

3. Defendants are likewise not entitled to summary judgment as to whether they exhibited deliberate indifference. "When the plaintiff has alerted the

public entity to his need for accommodation," the public entity has a "well settled" duty to "undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *Duvall*, 260 F.3d at 1139. This duty requires the public entity "to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary." *Id.* (quoting *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999)) (alteration in original).

The evidence presented by Munoz creates a triable issue of fact as to whether Dr. Meissner-Frisk conducted an adequate "fact-specific" inquiry into Munoz's disability. *Id.* Dr. Meissner-Frisk never examined Munoz's knees before rescinding his chrono, nor did she conduct a patient interview. She testified that a medical doctor would want to conduct a physical exam before deciding whether to grant or rescind a low-bunk chrono. She also testified that she relied on medical records to make her decision, which were the same records that prior physicians used to grant Munoz's chrono. The medical records were filled with many references to serious knee injuries, prior knee surgeries, and knee pain. The medical records reflected X-rays that described Munoz's knees as "normal," yet Dr. Meissner-Frisk and Munoz's expert, Dr. Bruce Ellison, both opined that X-rays were not certain to reveal the type of knee injuries of which Munoz complained. Because the question whether Dr. Meissner-Frisk conducted an adequate inquiry

5

turns on disputed material facts, Defendants are not entitled to summary judgment as to that issue.

**REVERSED AND REMANDED.**