**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVERETT SPILLARD,<br><br>          Plaintiff-Appellant,<br><br> v.<br><br>IVERS, Nurse; BURLESON, Dr.,<br><br>          Defendants-Appellees,<br><br> and<br><br>CALIFORNIA FORENSIC MEDICAL<br>GROUP INC.; et al.,<br><br>          Defendants. | No.   21-16772<br><br>D.C. No. 4:19-cv-01407-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted June 7, 2023
San Francisco, California

Before:  MILLER and KOH, Circuit Judges, and MOLLOY,[**] District Judge.
Concurrence by Judge MILLER.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Plaintiff-Appellant Everett Spillard has diabetes and suffers from chronic nerve pain. He sued Defendants-Appellees Iver Lien, N.P. and Michael Burleson, M.D. under 42 U.S.C. § 1983 for giving him psychotropic medication without his consent while he was in pretrial detention at the Humboldt County Jail. The district court found Defendants-Appellees were entitled to qualified immunity and granted summary judgment in their favor on that basis. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1. The district court erred in granting summary judgment in favor of Defendants-Appellees on the basis of qualified immunity. Because Defendants-Appellees are privately employed medical providers, the defense of qualified immunity is categorically unavailable. *Jensen v. Lane County*, 222 F.3d 570, 577–79 (9th Cir. 2000). Moreover, Defendants-Appellees do not seek to rely on such a defense on appeal and waived it by failing to raise it below. *See Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1119 (9th Cir. 2022).

2. Nor do the alternative bases argued by Defendants-Appellees support affirmance. *See MacIntyre v. Carroll Coll.*, 48 F.4th 950, 956 (9th Cir. 2022). Contrary to their position, the due process rights "to be free from unjustified intrusions to the body, to refuse unwanted medical treatment and to receive sufficient information to exercise these rights intelligently," *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) (citations omitted), are not categorically limited

2

to antipsychotic drugs, *see id.* at 880–81, or situations where the drug at issue is administered for mental health reasons, *id.* at 877–78, 884; *see also Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1998) (applying informed consent in the context of U-74,006F, an experimental drug "typically used to treat patients with severe head injuries to control intracranial pressure"). The record shows that nortriptyline is "pharmacologically categorized as an antidepressant medication," and had the potential for serious side effects. Factual questions also remain as to whether Spillard's use of the drug was involuntary or unwanted, as Spillard was not aware that the medication he was taking was nortriptyline until he was transferred out of Humboldt County Jail. Therefore, *Riggins v. Nevada*, 504 U.S. 127 (1992), is not categorically inapplicable to the circumstances here. When the facts are viewed in the light favorable to Spillard, as they must be at this stage, this is a case of unwanted administration of medication to which *Riggins* and its progeny applies. Under *Riggins*, Defendants-Appellees have not shown as a matter of law that their administration of nortriptyline was (1) medically appropriate and (2) justified by the circumstances. *Id.* at 135. Therefore, we decline to affirm the grant of summary judgment on alternative grounds.

**REVERSED AND REMANDED.**

*Spillard v. Ivers*, No. 21-16772

MILLER, Circuit Judge, concurring in the judgment:

I agree with the court—and, it seems, both parties—that, because the defendants are private medical providers and not government employees, the district court erred in granting them qualified immunity. *See Jensen v. Lane Cnty.*, 222 F.3d 570, 577–79 (9th Cir. 2000). I also agree that, on the current record, we should not affirm the grant of summary judgment on an alternative ground. Because I reach that conclusion for different reasons than the court, I concur only in the judgment.

A prison or jail inmate has a right to be free from "unwanted administration" of a psychiatric drug. *Washington v. Harper*, 494 U.S. 210, 221 (1990). We have held that the right against unwanted administration of psychiatric drugs includes a right to "receive sufficient information to exercise [the right] intelligently." *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002). But we have not clearly explained how much information is "sufficient," and today's disposition does not try to answer that question either. The court emphasizes that "Spillard was not aware that the medication he was taking was nortriptyline," but it does not say why Spillard needed that information in order to make his treatment voluntary.

No court has held that an inmate must receive every piece of information about a psychiatric drug in order for the administration of that drug to be voluntary.

1

Such a rule would require the inmate to be given a list of every possible side effect, together with the complete results of all clinical trials. Instead, courts have applied a deliberate-indifference standard and, relatedly, required that prison medical staff respond to inmates' reasonable questions about their treatment. *See*, *e.g.*, *Pabon v. Wright*, 459 F.3d 241, 251 (2d Cir. 2006); *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990). Our decision in *Benson* is consistent with that approach. There, in declining to find that unwanted administration of drugs had occurred, we emphasized that Benson was capable of asking for more information about the drugs but did not do so. *See* 304 F.3d at 883–85 (explaining that because Benson could have asked medical providers for information about her course of treatment, but did not, they had no obligation to help her develop "an understanding of what drugs she was taking and their potential side effects").

Under those principles, Spillard had a right to some information about his course of treatment, but only the information that a minimally competent, non-indifferent physician would have provided. Nortriptyline is apparently in common use for neuropathic pain, and the defendants need not have preemptively disclosed every side effect of the drug. Nevertheless, the failure to tell Spillard about the drug's function as an antidepressant, or simply to identify the name of the drug for him—even though he never asked for that information—might conceivably represent "such a substantial departure from professional judgment, practice or

standards" as to implicate Spillard's right against unwanted administration. *White*, 897 F.2d at 113.

At present, it is unclear whether Spillard would prevail under this standard, or indeed whether he could make a showing that would be sufficient to survive summary judgment. But "[b]ecause the parties did not address these issues directly in their motions and responses regarding summary judgment in the trial court, the record may not be complete." *Jensen*, 222 F.3d at 580. Although "[w]e *may* affirm summary judgment on any grounds supported by the record," *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1077 (9th Cir. 2020) (emphasis added), it is sometimes a better practice to leave such issues "for the district court to consider in the first instance," *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 437 n.8 (9th Cir. 2018). I would "decline to decide the appropriateness of summary judgment" at this juncture. *Jensen*, 222 F.3d at 580. Instead, I would reverse and remand to the district court for further proceedings on the issue of voluntariness.