**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGARET LUNDSTROM, | No. 22-16946 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-06227-CRB |
| v. | |
| CONTRA COSTA HEALTH SERVICES, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 12, 2023**

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

Margaret Lundstrom appeals pro se from the district court's judgment

dismissing for failure to state a claim her employment action alleging

discrimination and retaliation in violation of the Americans with Disabilities Act

("ADA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). We affirm.

The district court properly dismissed Lundstrom's action because Lundstrom failed to allege facts sufficient to show that her employer regarded her as having an impairment within the meaning of the ADA, that her employer had a record of Lundstrom's having had any such impairment, or that her employer retaliated against her because of protected activity. *See Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433-34 (9th Cir. 2018) (discussing elements of a disability discrimination claim under the ADA); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (explaining that a plaintiff alleging retaliation under the ADA must show that there was a causal link between a protected activity and an adverse employment action); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Lundstrom's contention that the district court was biased against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**