**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCIA WILSON,

Plaintiff-Appellant,

v.

LOS ANGELES COUNTY FIRE
DEPARTMENT,

Defendant-Appellee.

No. 22-55871

D.C. No. 2:22-cv-02823-RGK-PD

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 12, 2023[**]

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

Marcia Wilson appeals pro se from the district court's order dismissing for

failure to state a claim her employment action alleging discrimination and

retaliation in violation of the Americans with Disabilities Act ("ADA").  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's sua

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sponte dismissal under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). We affirm.

The district court properly dismissed Wilson's action because Wilson failed to allege facts sufficient to show that her employer regarded her as having an impairment within the meaning of the ADA, that her employer had a record of Wilson's having had any such impairment, or that her employer retaliated against her because of protected activity. *See Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433-34 (9th Cir. 2018) (discussing elements of a disability discrimination claim under the ADA); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (explaining that a plaintiff alleging retaliation under the ADA must show that there was a causal link between a protected activity and an adverse employment action); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Omar*, 813 F.2d at 991 (explaining that a district court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) without notice if the claimant cannot possibly win relief).

We reject as unsupported by the record Wilson's contentions that the district court acted as an advocate for defendant or was biased against her.

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**