**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL W. MILLER, | No. 22-56033 |
| Plaintiff-Appellant, | D.C. No. 8:22-cv-00056-SSS-ADS |
| v. | |
| SEGERSTROM CENTER FOR THE ARTS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted September 12, 2023**

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Michael W. Miller appeals pro se from the district court's order dismissing

for failure to state a claim his employment action alleging discrimination and

retaliation in violation of the Americans with Disabilities Act ("ADA").  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal

---

   *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6). *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). We affirm.

The district court properly dismissed Miller's action because Miller failed to allege facts sufficient to show that his employer regarded Miller as having an impairment within the meaning of the ADA, that his employer had a record of Miller's having had any such impairment, or that his employer retaliated against him because of protected activity. *See Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433-34 (9th Cir. 2018) (discussing elements of a disability discrimination claim under the ADA); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (explaining that a plaintiff alleging retaliation under the ADA must show that there was a causal link between a protected activity and an adverse employment action); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Miller's second amended complaint without further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

22-56033

We reject as unsupported by the record Miller's contentions that the district court applied an improper heightened pleading standard to evaluate Miller's claims or was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**