NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEPHEN MICHAEL WEST,

Plaintiff-Appellant,

v.

SCOTT LABORATORIES, INC.,

Defendant-Appellee.

No. 23-15502

D.C. No. 3:22-cv-07649-CRB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 12, 2023**

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Stephen Michael West appeals pro se from the district court's judgment

dismissing for failure to state a claim his employment action alleging

discrimination and retaliation in violation of the Americans with Disabilities Act

("ADA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). We affirm.

The district court properly dismissed West's action because West failed to allege facts sufficient to show that his employer regarded West as having an impairment within the meaning of the ADA, that his employer had a record of West's having had any such impairment, or that his employer retaliated against him because of protected activity. *See Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433-34 (9th Cir. 2018) (discussing elements of a disability discrimination claim under the ADA); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (explaining that a plaintiff alleging retaliation under the ADA must show that there was a causal link between a protected activity and an adverse employment action); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We reject as unsupported by the record West's contentions that the district court applied an improper heightened pleading standard to evaluate West's claims or was biased against him.

**AFFIRMED.**