**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTIAN DOSCHER,

      Plaintiff-Appellant,

v.

TIMBERLAND REGIONAL LIBRARY,
an Intercounty Rural Library District,
("TRL"); CITY OF TUMWATER, a
municipality, ("Tumwater" or "TPD");
CARLOS QUILES, a policy-maker for
Tumwater Police Department; a resident of
Washington State; R. J. BAUGHN, a
Tumwater City policeman; a resident of
Washington State; STACY A. BROWN, a
Tumwater City policewoman; a resident of
Washington State; RACHAEL E. BLACK,
a Tumwater City policewoman; a resident
of Washington State; LEANNE HEALD, a
Tumwater Librarian, a resident of the State
of Washington; DIANE FROELICH, a
Tumwater Librarian, a resident of the State
of Washington; KAYLA EMERSON, a
Tumwater Librarian, a resident of the State
of Washington; JAMES A. MORAN, a
Tumwater City policeman; a resident of
Washington State; DANIELLE L.
DAWSON, a Tumwater City

No.   22-36071

D.C. No. 3:22-cv-05340-RJB

MEMORANDUM[*]

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

policewoman; a resident of Washington State; MARI NOWITZ, a private citizen of Washington State; KENDRA JONES, TRL Deputy Director, a private citizen of Washington State; JON WEIKS, Chief of Tumwater Police, was a resident of the State of Washington; BOB HALL, President of TRL Board of Trustees, a private citizen of Washington State; NICOLETTE OLIVER, President Elect of TRL Board of Trustees, a private citizen of Washington State; BRIAN ZYLSTRA, Lewis County, member of TRL Board of Trustees, a private citizen of Washington State; HAL BLANTON, Lewis County, member of TRL Board of Trustees, a private citizen of Washington State; JASMIN DICKHOFF, member of TRL Board of Trustees, a private citizen of Washington State; KENNETH SEBBY, Mason County, member of TRL Board of Trustees, a private citizen of Washington State; MATTHEW VAN NORMAN, a TRL employee, a private citizen of Washington State; ERICA MCCALEB, a TRL employee, a private citizen of Washington State; TRINA FOLLEY, a TRL employee, a private citizen of Washington State; ANDREA HEISEL, TRL Director of Content and Access, a private citizen of Washington State; CHERYL HEYWOOD, TRL Executive Director and a private citizen of Washington State,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted July 23, 2024[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges

Christian Doscher appeals pro se from the district court's dismissal of his claims against the City of Tumwater and police officers Carlos Quiles, R.J. Baughn, Stacy Brown, Rachael Black, James Moran, Danielle Dawson, and Jon Weiks (collectively with the City, the "City defendants"), and the grant of summary judgment for Timberland Regional Library (the "Library"). We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal and the grant of summary judgment de novo,[1] and we may affirm on any ground supported by the record.[2] We affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019); *Rohr v. Salt River Project Agric. Improvement & Power Dist.*, 555 F.3d 850, 857 (9th Cir. 2009).

[2] *Beckington*, 926 F.3d at 604; *Newton v. Diamond*, 388 F.3d 1189, 1192 (9th Cir. 2004).

The district court properly dismissed Counts 3 and 11 alleging unreasonable seizures against the City defendants under 42 U.S.C. § 1983. Construing the complaint liberally,[3] any seizure of Doscher was reasonable[4] because the complaint plainly states that the officers were informed that Doscher remained in the Library without permission to do so on both September 14 and 18, 2021, which is a criminal trespass under Washington law.[5] This is not undermined by Officer Baughn's characterization of the encounters or a possible defense to trespassing.[6] Because Doscher did not plausibly plead a constitutional violation, the district court properly ruled that the officers were entitled to qualified immunity,[7] which was appropriate at the motion to dismiss stage.[8]

---

[3] *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

[4] *See* Wash. Rev. Code § 10.31.100(1); *Blankenhorn v. City of Orange*, 485 F.3d 463, 472–73 (9th Cir. 2007).

[5] *See* Wash. Rev. Code §§ 9A.52.010(2), 9A.52.070(1), 9A.52.080(1).

[6] *See State v. Guzman-Cuellar*, 734 P.2d 966, 970 (Wash. Ct. App. 1987); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015).

[7] *See Blankenhorn*, 485 F.3d at 471.

[8] *Cf. Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018).

The district court did not err by dismissing Doscher's *Monell*[9] claim against the City and his supervisory liability claim against Quiles (Count 4) for the same reason—both require an underlying constitutional violation.[10]  Similarly, the district court was not required to give Doscher leave to amend to plead a failure to intercede claim against Officers Brown, Black, and Dawson because Doscher did not plausibly allege an underlying constitutional violation as required for a failure to intercede claim.  *See Tobias v. Arteaga*, 996 F.3d 571, 583–84 (9th Cir. 2021). Finally, because Doscher's state law negligence claims (Counts 19, 20, 25, 26) are founded on unreasonable seizures, the district court did not err in dismissing them.

The district court did not err by granting summary judgment to the Library on Doscher's claims under the ADA[11] and the WLAD.[12]  Doscher failed to raise a genuine issue of material fact that he has a physical impairment that substantially limits his major life activities.  *See* 42 U.S.C. § 12102(1)(A).  Even if he could rely

---

[9] *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).

[10] *See id.* at 690, 98 S. Ct. at 2035–36 (municipal liability); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisory liability).

[11] Americans with Disabilities Act of 1990, Pub. L. No. 101–336, 104 Stat. 327 (codified in scattered sections of 42 U.S.C.).

[12] Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010–49.60.530.

solely on his declaration to show that he has an impairment,[13] he failed to provide significantly probative evidence[14] that he cannot wear any type of face covering without substantially limiting his ability to breathe.[15]

Nor did Doscher show that he was perceived or regarded as disabled. *See* Wash. Rev. Code § 49.60.040(7)(a)(iii); 42 U.S.C. § 12102(1)(C), (3)(A). The record does not substantiate his claim that anyone at the Library consented to his remaining partially masked, nor does it show that he was otherwise perceived or regarded as being disabled. *Cf. Clipse v. Com. Driver Servs., Inc.*, 358 P.3d 464, 473–74 (Wash. Ct. App. 2015); *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 434 (9th Cir. 2018).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

---

[13] *See SoCal Recovery, LLC v. City of Costa Mesa*, 56 F.4th 802, 815 (9th Cir.), *cert. denied*, __ U.S. __, __, 144 S. Ct. 422, 422, 217 L. Ed. 2d 234 (2023); *Rohr*, 555 F.3d at 858–59.

[14] *See Bragdon v. Abbott*, 524 U.S. 624, 653, 118 S. Ct. 2196, 2212, 141 L. Ed. 2d 540 (1998).

[15] *Cf. Rohr*, 555 F.3d at 859.

22-36071