NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHILIP A. KOCH,

        Plaintiff - Appellant,

v.

CALIFORNIA WATER SERVICE
COMPANY,

        Defendant - Appellee.

No. 25-2148

D.C. No.
1:22-cv-01333-KES-CDB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kirk Edward Sherriff, District Judge, Presiding

Submitted May 29, 2026[**]

Before: BUMATAY, SANCHEZ, and H.A. THOMAS, Circuit Judges.

    Philip Koch appeals the district court's dismissal of his employment action for failure to state a claim. Koch claims discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We affirm.

We apply de novo review to dismissals under Federal Rule of Civil Procedure 12(b)(6), *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019), and we "liberally" construe the pleadings of pro se litigants. *Chambers v. C. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). To survive a motion to dismiss, a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We affirm a Rule 12(b)(6) dismissal where the complaint lacks "sufficient facts" or "a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019).[1]

Koch failed to sufficiently allege facts or a cognizable theory under the ADA that California Water Service Company ("Cal Water") "regarded" him as having a disability within the meaning of the ADA, that it had "a record" that Koch had such a disability, or that it retaliated against him because of a protected

---

[1] To the extent Koch's discrimination and retaliation claims are based on the implementation of his employer's COVID-19 policy, it is unclear whether the applicable policy provisions were effective in January or October 2021, and therefore whether he properly exhausted his claims. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006). Construing his pleadings liberally, we find Koch's claims exhausted except as to his termination, which occurred after he filed his June 3, 2022 EEOC complaint.

activity. 42 U.S.C. §§ 12102(1)–(3), 12203(a); *see Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433–34 (9th Cir. 2018) (discussing the definition of "disability" and the elements of an ADA discrimination claim); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (requiring a "causal link between" a protected activity and an adverse action). Koch alleged that Cal Water's COVID-19 policy applied to "all of its employees," and his claims do not plausibly support the inference that he is entitled to relief for discrimination or retaliation under the ADA. *Iqbal*, 556 U.S. at 678; *Godecke*, 937 F.3d at 1208.[2]

**AFFIRMED.**

---

[2] We reject as unsupported by the record Koch's arguments that the district court applied the incorrect legal standard in dismissing his claims.